UNITED STATES DISTRICT COURT

DISTRICT OF CONNECTICUT

| | |
|---|---|
| JOHN DOE<br>    *Plaintiff*<br>VS.<br><br>PETER KRUZYNSKI<br>    *Defendant*<br>and<br><br>JOHN MAGER, TRUSTEE<br><br>*Garnishee* | CIVIL ACTION NO.<br><br><br><br>**JURY TRIAL DEMANDED**<br><br><br><br><br><br>FEBRUARY 26, 2018 |

**<u>VERIFIED COMPLAINT</u>**

1. Plaintiff brings this action under 18 U.S.C. §2255, a section of the 2006 Adam Walsh Child Protection and Safety Act known.  This statute provides a private right of action and a minimum statutory damages amount for persons injured by criminal violations of federal child pornography statutes.

2. Plaintiff is a victim of the child pornography trade.  Beginning at the age of 12, Defendant Peter Kruzynski repeatedly raped and sexually abused him on camera, creating a set of brutal and graphic images.  As a punitive deterrent to such crimes, and in recognition of both the magnitude of the damages resulting to the victim and the difficulty of precisely calculating the amount of such damages, Congress has provided that a plaintiff who establishes a claim under Masha's law shall recover a minimum of $150,000.00 in damages from each defendant plus attorney's fees and costs.  *See* 18 U.S.C. §2255.  Plaintiff seeks at least this minimum amount from the Defendant.

1

## FACTUAL ALLEGATIONS

### The Parties

3. Plaintiff John Doe is a resident of the State of Connecticut. At the time of filing of this complaint, Plaintiff is 18 years old. Defendant Peter Kruzynski is a resident of the State of Connecticut and resides in Shelton.

### The Lawsuit

4. This is a suit for damages, arising out of personal injury caused to Plaintiff by Defendant's criminal violations of federal child pornography statutes, including but not limited to 18 U.S.C. §§ 2252, 2252A and 2256.

5. Plaintiff bring claims under 18 U.S.C. §2255. Among other things, that statute gives the victims of child pornography a federal private right of action against those who receive and/or distribute the illegal images of their abuse.

6. This Court has jurisdiction of the subject matter pursuant to 28 U.S.C. §2255(a) and 28 U.S.C. §1331.

### The Underlying Facts

7. The United States Department of Justice ("DOJ") has identified the Defendant in this action as having created and possessed illicit images that Bruno created of Plaintiff while he was raping him and is prosecuting him to a conviction for one or more of the predicate criminal offenses underlying 18 U.S.C. §2255.

8. Though forensic analysis of the images confiscated from Defendant, DOJ has identified Plaintiff as a victim of Defendant's criminal conduct.

9. Plaintiff suffered and continues to suffer significant injury, including mental and emotional anguish and fear for his personal safety, because of the acts of the Defendant in creating, possessing and viewing the images that document his humiliation and abuse.

### **CLAIM FOR RELIEF PURSUANT TO 18 U.S.C. §2255**

10. Masha's Law, 18 U.S.C. §2255, creates a civil cause of action for injuries suffered as a result of a criminal violation of various child pornography statutes.

11. Damages available under §2255 include all actual damages, as well as the cost of the suit, including reasonable attorney's fees. The statute mandates that any person injured by a violation of the underlying criminal statutes shall be deemed to have sustained damages of no less than $150,000.00 as a result of such violation.

12. The Defendant is charged with a federal child pornography offense, in violation of one or more sections of the United States Code that are listed as predicate offenses for a civil action under 18 U.S.C. §2255.

13. As part of the conduct of his offenses, the Defendant received and/or distributed one or more illegal images of Plaintiff being sexually abused and exploited by him, as he was a child. In the process, the Defendant necessarily caused such images to be copied.

14. Plaintiff has suffered significant and permanent personal injury as a result of Defendant's underlying predicate offenses, including but not limited to deprivation of privacy, extreme emotional distress and psychological harm. For the rest of his life, Plaintiff must live with the knowledge that the Defendant has watched him being raped and exploited for his sexual gratification.

15. The harm resulting to Plaintiff from Defendant's wrongful conduct is of a type that both federal and Connecticut courts recognize as a significant personal injury. "Like a defamatory statement," child pornography injures the victim's "reputation and emotion well-being", *Ashcroft v. Free Speech Coal.,* 535 U.S. 234,249 (2002), and violates "the individual interest in avoiding disclosure of personal matters," *New York v. Ferber,* 458 U.S. 747, 759 n.10 (1982) (internal quotations omitted). By copying and distributing highly graphic images of Plaintiff being sexually abused, Defendant wrongfully publicized private matter concerning Plaintiff of a king that (a) would be highly offensive to a reasonable person, and (b) is not of legitimate concern to the public. Under the law of Connecticut and every other American jurisdiction, Defendant's felonious conduct gives rise to causes of action for personal injury, including but not limited to invasion of privacy and intentional infliction of emotional distress.

16. Plaintiff has suffered and will continue to suffer economic harm as a direct and proximate result of Defendant's wrongful conduct, including but not limited to expenses for past and future therapy and medical treatment; diminished earning capacity and lost wages; and costs associated with keeping his identity private so that he will not be recognized or contacted by abusers of child pornography.

17. As compensation for Defendant's wrongful conduct, plaintiff is entitled to damages of no less than $150,000.00; the cost of this suit including reasonable attorney's fees; plus prejudgment and post-judgment interest; any other losses in an amount to be ascertained according to proof at trial; and such other relief as the Court may deem

just. In addition, Plaintiff seeks punitive damages against the Defendant to punish and deter the underlying criminal behavior.

WHEREFORE, Plaintiff demands judgment against the Defendant as follows:

a. Compensatory damages for all injuries, including statutory damages under 18 U.S.C. §2255(a) of no less than $150,000 ;

b. Punitive damages, in an amount sufficient to punish and deter the Defendant from similar conduct;

c. Prejudgment and post-judgment interest as provided by law;

d. The costs of this action, including reasonable attorney's fees and costs associated with expert witnesses; and

e. Any other relief that this Court deems just and proper.

Dated at New Haven, Connecticut this 26th day of February, 2018.

          THE PLAINTIFF

          */s/ Jonathan J. Einhorn*

          JONATHAN J. EINHORN
          129 WHITNEY AVENUE
          NEW HAVEN, CONNECTICUT 06510
          FEDERAL BAR ct 00163
          einhornlawoffice@gmail.com
          203-777-3777

## VERIFICATION

I hereby verify that the matters and facts stated in this complaint are true and accurate.

Dated: New Haven Connecticut, February 26, 2018.

_____
JOHN DOE